## Varner's Appeal.    Robinson's Estate.

The testator devised all of his estate to trustees to pay over the income of one-half thereof to his granddaughter until she attained the age of twenty-five years, and then to convey to her in fee the one-half of his estate, " subject to the payment of its pro rata share of the annuities hereinafter charged on my said estate."    In another clause of his will he directed the income of the other half to be paid to his two nephews and a niece in equal shares, and when the youngest of them attained the age of twenty-one years, their shares should be conveyed to them in fee, " subject to the payment of the pro rata share of each of the annuities hereinafter charged upon my said estate."    In two separate clauses he created annuities and made them an express charge upon the shares of the nephews and niece, but made no mention of the granddaughter in either of these clauses.    Commissioners were appointed to make partition of the estate, who divided the same into two purparts, and charged each with the payment of one-half of the annuities, which charge the court sustained, on the ground .that it was the manifest intent of the testator to charge both parts of his estate, and that it was evident that the name of the granddaughter had been omitted by mistake in the clause giving the annuities.    *Held*, reversing the court below, that the

name of the granddaughter could not be tnus supplied, and that her share was not subject to the burden of the annuities.

2. Words can only be supplied in a will where they are necessary to give effect to the unquestionable purposes of a testator, but where they will not advance this intent no such change can be made.

3. The trust to the granddaughter was an active one until she attained the age of twenty-five years, and the court was right in allotting her purpart to the trustees until she reached that age.

October 18th 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   WOODWARD, J., absent.

Appeal from the Orphans' Court of *Allegheny county*: Of October and November Term 1878, No. 252.

Appeal of Matilda C. Varner, guardian of Margaret Blanche Millard, a minor, from the decree of the court dismissing exceptions to the report of commissioners appointed to make partition of the real estate of John D. Robinson, under the will of said decedent.

By the will of said decedent, he devised all his real estate to his executors, James P. Speer and William D. Moore, for the following purposes, which are herewith briefly stated, but which will be found more fully set forth in the opinion of this court:

The executors were directed : 1.  To annually collect and pay over to Margaret Blanche Millard, the granddaughter of the testator, the one-half of the income and profits of the estate until she attained the age of twenty-five years, and then one-half to be conveyed to her in fee for her sole and separate use, " subject to its payment of its pro rata share of the annuities hereinafter charged upon my said estate."

2.  To annually collect and pay over to his nephews, William R. Blair and James A. Robinson, and his niece, Mary A. Blair, each one-third of the remaining one-half of the income and profits of his estate until the youngest should attain the age of twenty-one, when one-third of the one-half of the estate was to be conveyed to each in fee, "subject to the payment of the pro rata share of each of the annuities hereinafter charged upon my said estate."

3.  To collect and pay over to Mary Hays, the cousin of testator, during her lifetime, the sum of $500 per annum out of the income and profits " of my said estate," before the payment of the amounts ordered to be paid to the nephews and niece, "and when the estate in fee shall be conveyed by my trustees to the parties last named, it shall be made subject to the payment of this annuity of $500 to the said Mary Hays."

4.  To collect and pay to Nancy Gallagher, the mother-in-law of testator, during her lifetime, the sum of $200 per annum out of the income and profits of my said estate, before the payment of the sums ordered to be paid to his nephews and niece, and providing in the same manner that when the estate was conveyed to them in fee it should be subject to the payment of this annuity of $200.

[Varner's Appeal.]

In the event of the granddaughter, Blanche Millard dying before the age of twenty-five, without issue, a subsequent clause of the will gave her share to collateral heirs.

The executors and the nephews and niece petitioned the Orphans' Court, setting forth the will and averring that Mary Blair, the youngest of the devisees under the second item of the will, had attained the age of twenty-one, and praying for a partition of the real estate. Commissioners were appointed for that purpose, who made a report dividing the real estate into two purparts, and charging each with the payment of the one-half of the annuities to Mary Hays and Nancy Gallagher. To this report the guardian of Blanche Millard excepted, on the ground that the commissioners erred in charging any part of said annuities on the purpart of Blanche Millard, as by the will of John D. Robinson her share and interest in said estate was not liable to pay any part of said annuities.

The court, Hawkins, P. J., dismissed these exceptions in an opinion, saying:

"It is evident from a careful examination of the will of John D. Robinson, deceased, that the name of Margaret Blanche Millard has been accidentally omitted from the third and fourth items. The intent of the testator was that his whole estate should be subject to the payment of the annuities given to Mary Hays and Nancy Gallagher. This is clearly expressed in the first and second items of the will, and the same idea appears in the first part of the third item. The remaining portion of the latter item is, so far as it goes, consistent with that intent, but the whole intention of the testator is not fully expressed. It is a repetition by reference of the provisions of the immediately preceding second item of the will, and for the purpose of construction, these two items (two and three) must be read together. The sums devised and ordered to be paid hereinbefore to William Robinson Blair, Mary Blair and James Alexander Robinson, were not in terms, nor intended to be reduced, but postponed, as they had been postponed in the second item of the will; any other view would reduce the will to an absurdity. It would be inconsistent with the general intent of the testator, and make the first and last clauses of the third item inconsistent with each other. The testator directs that the annuities shall be paid out of the income of his "estate," not any particular portion of his "estate," but his "estate" generally, "before payment" of those "sums," as provided "hereinbefore." "Hereinbefore" those "sums" were made fixed and certain, and so far as the Blairs and Robinson were concerned, their payment was postponed, only to payment of one-half of these annuities. How shall the other half of these annuities be paid? That question is answered by reference to the first item in the will, in which the share of Margaret Blanche Millard is expressly charged therewith. It is evident that the intention of testator is not fully expressed in the third and fourth items

of his will, and that the defect can only be supplied and the will made harmonious, by the insertion therein of the name of Margaret Blanche Millard, along with those of William Robinson Blair, Mary Blair and James Alexander Robinson; that names may be supplied when necessary to effectuate the intention, is settled beyond question : 1 Williams's Executors 1084 ; McKeehan *et al. v.* Wilson, 3 P. F. Smith 74. The exceptions must therefore be dismissed."

From this decree this appeal was taken.

*R. & S. Woods,* for appellant.—In the first clause of his will the testator evidently intended to give to his granddaughter an estate charged with a pro rata share of the annuities, but he manifestly changed his mind and relieved her share of the burden, and imposed it entirely on the other half devised to his nephews and niece. If two clauses in a will are irreconcilable the latter must prevail : Newbold *v.* Boone, 2 P. F. Smith 167 ; Shreiner's Appeal, 3 Id. 106; Horwitz *v.* Norris, 10 Id. 261; Snively's Executors *v.* Stover, 28 Id. 484. In case of doubt, the court will adhere to the general rules of inheritance : France's Estate, 25 P. F. Smith 220. The trust was not an active one, and her purpart should have been directly awarded to the granddaughter.

*George Shiras, Jr.,* and *F. M. Magee,* for appellees.—The name of the granddaughter was doubtless omitted by mistake in the third and fourth clauses, and the court had the right to supply the omission : 1 Redfield on Wills 453 ; Carter *v.* Bloodgood's Executors, 3 Sanford's Ch. R. 293; Jesson *v.* Wright, 2 Bligh's R. 56 ; McKeehan *v.* Wilson, 3 P. F. Smith 76 ; Sheets's Estate, 2 Id. 263. The trust is an active one. The power and duty to pay over the income and preserve the estate for the remaindermen, are those of a trustee and not an executor merely : Sheets's Estate, *supra.*

Mr. Justice MERCUR delivered the opinion of the court, January 6th 1879.

This contention arises under the will of John D. Robinson. It is whether the portion of the real estate devised to the appellant, is chargeable with the payment of a share of the annuities given to others by the same will? The court below held her lands so chargeable, and on petition decreed accordingly. From that decree this appeal was taken. After the payment of his debts, the testator devised to trustees named, all his real and personal estate, " in trust for the following specified purposes, and subject to the charges and annuities hereinafter stated." He then proceeded to declare : " First, they shall annually collect and pay over to my granddaughter, Margaret Blanche Millard, daughter of Joseph and Clara Millard, the one-half the net income, rents, issues and profits of my said estate until she attains the age of twenty-five years, at which

time they shall make over to her by good and sufficient legal conveyances, the one-half of all my said estate for her sole and separate use in fee and in perpetuity, subject to the payment of its pro rata share of the annuities hereinafter charged upon my said estate." Second, in like manner and by similar language, he directed them to pay over to each, William Robinson Blair, Mary Blair and James Alexander Robinson, his two nephews and niece, the one-third equal portion of the remaining one-half the rents, issues and profits of his estate until the youngest of them should attain the age of twenty-one years, at which time the trustees should make over to " each the equal one-third portion of the one-half of my said estate by good and sufficient legal conveyances, in fee and in perpetuity and for the sole and separate use of each one of them, subject to the payment of the pro rata share of each of the annuities hereinafter charged upon my said estate." Third, they shall annually collect and pay over to my cousin, Mary Hays, during her lifetime, the sum of $500 per annum, out of the income, rents, issues and profits of my said estate, and before the payment of the sums devised and ordered to be paid hereinbefore to William Robinson Blair, Mary Blair and James Alexander Robinson, respectively; and when the estate in fee shall be conveyed by my trustees to the parties last named, as hereinbefore provided, it shall be made subject to the payment of this annuity of $500 to the said Mary Hays for and during the term of her natural life, for her sole and separate use." Item fourth in like manner directed them to pay over to his mother-in-law, Nancy Gallagher, annually, during her life, the sum of $200 out of the income, rents, issues and profits of his estate, " before the payment of the sums hereinbefore devised and ordered to be paid respectively to William Robinson Blair, Mary Blair and James Alexander Robinson, and when the estate in fee shall be conveyed to the last-named parties," it shall be conveyed " subject to the payment of this annuity of $200 to the said Nancy Gallagher, for and during the term of her natural life."

No subsequent item imposes any charge on the real estate devised to the appellant. The learned judge, however, thought inasmuch as the first item declared an intention of making her lands chargeable with annuities thereafter to be named, that the true intent of the will should be supplied by inserting the name of the appellant in the third and fourth items respectively. If the law will admit this addition of her name, then the court was correct. It is evident that when the first item was written the testator did intend to make the real estate devised to the appellant chargeable with the payment of a part of the annuities which he then intended to give, but he was wholly silent as to the sums to be given and to whom payable. Whether he had in his mind only the annuitants subsequently named, or whether he contemplated extending his bounty

[Varner's Appeal.]

to others, this item fails to disclose. The language in the third and fourth items is so clear and specific in charging the annuities of Mary Hays and Nancy Gallagher, on the lands devised to the collateral heirs, that there is no room for doubt. It expressly declares that the lands to be conveyed to these collateral heirs, giving their full names, shall be subject to the payment of these annuities. The language in each item being so full, distinct and positive that their lands should be so charged, it would be a forced construction to assume the name of the appellant was omitted in each case through mistake. It is much more reasonable to presume that after the first item was written the testator changed his mind, and then caused the third and fourth devising clauses to be so written as to impose the annuities on the lands of the collateral heirs only. This presumption is strengthened by the paragraph which follows the fourth. As if to give some equivalent for thus charging their lands, it declares in case of the death of Margaret Blanche Millard before the age of twenty-five years, without lawful issue of her body, then the portion devised to her shall go to and be vested in fee in the said three collateral heirs. The early childhood of the appellant, when the will was made, added to the value of this contingent estate, may have been deemed by the testator a full equivalent for subjecting their lands to the other half of the annuities. The will, however, is not so ambiguous or obscure as to require us to search for the reasons influencing the action of the testator. It is sufficient if a consideration of the whole will reasonably indicates that the testator did not intend to make the land of the appellant subject to the payment of any part of the annuities specified. We think it does so indicate. Nor is this conclusion irreconcilable with the general as well as the particular intent of the will. The language is not so inconsistent as to be incapable of being reconciled. It is true words may, in some cases, be supplied to carry out a defectively-expressed intent, but not to create another intent where one is distinctly expressed, as here, by the language of the will. They can be supplied only in cases necessary to give effect to the most unquestionable purpose of the testator: 1 Redfield on Wills 470. Hence, if a doubt arises that the change would advance the real intent of the testator, it cannot be made: Annable v. Patch, 3 Pick. 360. Besides, in a doubtful case, we should adhere, as closely as the language will permit, to the general rules of inheritance: France's Estate, 25 P. F. Smith 220. The appellant being the heir at law, every fair intendment of construction should be made in her favor: Bender v. Dietrick, 7 W. & S. 284; Cowles v. Cowles, 3 P. F. Smith 175. The learned judge therefore erred in holding the language of the first item to be sufficient to justify the addition by the court of the name of the appellant to the third and fourth devising clauses, and thereby imposing an additional liability on her.

[Varner's Appeal.]

The trust is an active one. The appellant has not attained the age when she will be entitled to take the property out of the hands of her trustees. The court, therefore, committed no error in allotting the purpart to her trustees, and not to her personally. The purpart so allotted ought not to be subject to the payment of any part of the annuities. They must be charged wholly on the property allotted to the appellees.

> Decree reversed, and record remanded, with instructions to decree conformably with this opinion. The costs of this appeal to be paid by the appellees.