## Catherwood's Estate.

*Wills — Construction — Gifts of personalty — Gifts in trust — Absolute interests.*

1. Where testator bequeathed his residue to five designated charitable institutions and directed that the fund should be distributed to them in the proportions which the legacies to them in the third, fourth, fifth, sixth and seventh clauses of his will bore to each other, and that the residuary funds so distributed should be used by the institutions for the same purposes as those expressed in the said earlier clauses, and by the fifth clause he had created a trust for one of the institutions and directed how the income should be appropriated, its share of the residue was awarded to the institution without the intervention of a trustee.

2. In such case, the executor, in making payment of the residuary legacy to the institution, should require it to execute its receipt therefor, stipulating that the principal shall be held by it and only the income used in the manner indicated by the fifth clause.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1896, No. 262.

R. *Sturgis Ingersoll*, for exceptant; M. *Hampton Todd*, contra.

GEST, J., Oct. 30, 1925.—These exceptions require the construction of the will of Wilson Catherwood, who disposed of his own residuary estate and that of his father, Hugh Wilson Catherwood, over which he had a power of appointment, as follows:

"Seventeenth. I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situate, including any property over which I may have power of appointment, to the following charitable and educational institutions: The Children's Hospital of Philadelphia; Zoölogical Society of Philadelphia; St. Paul's School in Concord, New Hampshire; The Contributors to the Pennsylvania Hospital, Philadelphia; The Protestant Episcopal Church of St. James the Less, Falls of Schuylkill, Philadelphia. The distribution to these Institutions shall be made as soon as reasonably convenient after my death, allowing due time for the proper liquidation of any real estate or other assets I may have. The funds shall be distributed to the Institutions named, in the proportion which the legacies in the third, fourth, fifth, sixth and seventh clauses of my will bear to each other, and the funds distributed shall be used by the Institutions named for the same purposes as hereinbefore expressed, if any."

The third, fourth, fifth, sixth and seventh clauses of the will, to which reference is made, are as follows:

"Third. I give and bequeath the sum of Two Hundred and Fifty Thousand Dollars ($250,000) to The Children's Hospital of Philadelphia, now located at Eighteenth and Bainbridge Streets, Philadelphia, to be applied in whole or in part for the erection and equipment of a building for a Nurses' Home or for the erection of such other building or buildings as the Directors of the Hospital shall determine.

"In the event that it is the judgment of the Directors of the Hospital, at the time this legacy is payable, that there is no immediate need of another building, then I order and direct that the money shall be held by the Hospital as part of the general endowment fund.

Catherwood's Estate.

"Fourth. I give and bequeath the sum of Two Hundred and Fifty Thousand Dollars ($250,000) to the Zoölogical Society of Philadelphia, to be applied for the erection of buildings or for such other permanent improvements as the Board of Directors shall determine.

"Fifth. I give and bequeath the sum of Two Hundred Thousand Dollars ($200,000) to my trustee, hereinafter named, to be held by it upon the following trusts and for the following purposes:

"(a) To hold and manage the principal, collect the income and to pay over the net income to St. Paul's School in Concord, New Hampshire, in two equal parts or shares as follows: one of said equal parts or shares for the payment of salaries of the teaching staff of said school, and the other part or share for the maintenance of Scholarships for worthy students, to be known as the 'Wilson Catherwood Scholarships.'

"Sixth. I give and bequeath the sum of Fifty Thousand Dollars ($50,000) to The Contributors to the Pennsylvania Hospital, Eighth and Spruce Streets, Philadelphia.

"Seventh. I give and bequeath the sum of Fifty Thousand Dollars ($50,000) to the Protestant Episcopal Church of St. James the Less, Falls of Schuylkill, Philadelphia."

The Auditing Judge in his adjudication said:

"Another question submitted to the Auditing Judge is whether or not the St. Paul School in Concord takes its share of the appointed estate outright, or whether it is held in trust by the trustee named in the will of Wilson Catherwood. As the Auditing Judge understands item seventeenth of the will of Wilson Catherwood, the institutions take for the purposes for which legacies are theretofore given them, and, therefore, this share of the appointed estate goes to the trustee and not directly to the school."

St. Paul's School, in its exceptions filed to this adjudication, claims that the award of its share under the seventeenth clause or residuary clause should have been made to it directly and not to the Corn Exchange National Bank as trustee, to which in the fifth clause of the will is bequeathed a pecuniary legacy of $200,000 in trust to pay the income to St. Paul's School for the purposes mentioned.

The five legatees in the residuary clause of the will are clearly stated by name, including St. Paul's School, and the testator furthermore directs that the distribution shall be made to the institutions named as soon as may be reasonably convenient. He further directs that the fund shall be distributed to the institutions named in certain proportions ascertained by reference to the legacies given in the five preceding clauses mentioned. It therefore appears from a consideration of these provisions of the residuary gift, that the legacy in question was intended to be distributed directly to St. Paul's School, for there is no mention whatever made in the residuary clause of any trustee for the school as entitled to share in the distribution.

It is argued, however, on behalf of the trustee, that it is entitled to receive this share of the residue, because in the fifth clause of the will $200,000 is given to it in trust to pay over the income to St. Paul's School, to be used for the special purposes indicated, and the final paragraph of the residuary clause directs that "the funds distributed shall be used by the institutions named for the same purposes as hereinbefore expressed, if any." This, it is argued, shows that the testator intended that what he gave for the benefit of the school under his will, either directly or under the power of appointment, should be held by his trustee for the benefit of the school.

Such a construction of the will, however, is inconsistent with the precise terms of the residuary clause. The testator clearly says that "the funds shall be distributed to the institutions named," and he had just named St. Paul's School as one of them, and that "the funds distributed shall be used by the institutions named for the purposes as hereinbefore expressed, if any," thus showing that the funds shall be distributed to and used by St. Paul's School, just as several other legacies are directed to be used by the legatees for special purposes.

If the testator had intended to give this share of the residuary estate to the Corn Exchange National Bank as trustee for St. Paul's School, he might have done so clearly and concisely by giving the residue to the legatees named in the third, fourth, fifth, sixth and seventh clauses in proportion to their respective legacies. Instead of doing so, he takes apparent pains to designate the legatees by name, and we are virtually asked to interpolate before the name of St. Paul's School the words "To the Corn Exchange National Bank, trustee for." This we cannot do under the decisions. The Supreme Court said in Bender v. Bender, 226 Pa. 607: "In construing a will, the rule requires that it be read in the ordinary and grammatical sense of the words employed, unless some obvious absurdity or some repugnance or inconsistency with the declared intention of the testator as extracted from the whole will should follow from so reading it;" and other cases laying down the same principle have been recently collected in Lyle's Estate, 4 D. & C. 67. Nothing of the kind appears in this case. Testators' wills frequently give one legacy outright, and another legacy in trust for the same person or object, and the mere conjecture that he possibly intended otherwise is not sufficient ground for us to amend his language. In Varner's Appeal, 87 Pa. 422, Redfield on Wills is quoted with approval to the effect that this can only be done to give effect to the most unquestionable purpose of the testator.

Since this share of the residuary estate is given to St. Paul's School, to be used by it for the same purposes as those expressed in the fifth clause of the will, the executor, in making payment of the residuary legacy, should require the legatee, St. Paul's School, to execute its receipt therefor, stipulating that the principal shall be held by it, and only the income used, one-half for the payment of salaries of the teaching staff of said school and the other half for the maintenance of scholarships for worthy students, to be known as the Wilson Catherwood Scholarships.

The exceptions are sustained.

THOMPSON, J., absent.